United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| In Re:<br>Brenda R Holder<br>　　　Debtor | BCN#: 15-13954-KHK<br>Chapter: 13 |
| Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT3, Asset-Backed Certificates, Series 2007-OPT3<br>　　　Movant/Secured Creditor,<br>v.<br>Brenda R Holder<br>　　　Debtor<br>Paula N Kirspel<br>　　　Codebtor<br>and<br>Thomas P. Gorman<br>　　　Trustee<br>　　　Respondents | |

**Consent Order Modifying Automatic Stay**

This matter was before the court on August 22, 2018, on the motion of Wells Fargo Bank, National Association as Trustee for Soundview Home Loan Trust 2007-OPT3, Asset-Backed Certificates, Series 2007-OPT3, for relief from the automatic stay with respect to the real property located at 117 Tremont Street, Manassas Park, VA 20111 and more particularly described as follows:

Gregory N. Britto, Esquire
VSB #23476
William M. Savage, Esquire
VSB #26155
Malcolm B. Savage, III, Esquire
VSB #91050
Thomas J. Gartner, Esquire
VSB #79340
Mary F. Balthasar Lake, Esquire
VSB #34899
Matthew Beddingfield, Esquire
VSB #87305
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(703) 449-5800
18-274931

  Lot 1468, Section 5, MANASSAS PARK SUBDIVISION, as the same is duly dedicated, platted, and recorded in Deed Book 200, at Page 375, among the land records of Prince William County, Virginia.

Upon consideration of which, it is **ordered:**

  1. The debtor will resume making regular monthly installment payments in the amount of $1,163.33 as they become due commencing on August 1, 2018.

  2. The debtor will cure the post-petition arrearage currently due to the movant through July 1, 2018 in the total amount of $11,408.24, which includes payments from November 1, 2017 to July 1, 2018 in the amount of $1,163.33 each, attorney fees in the amount of $850.00, filing fees in the amount of $181.00, less funds in debtor suspense in the amount of $92.73, by making the following payments:

  a. That the Debtor(s) shall place arrears of $11,408.24 into an amended plan to be filed within twenty-one (21) days of entry of this order. It is further ordered and agreed that the Movant, upon receipt of the aforesaid amended plan, shall be allowed to file an amended proof of claim reflecting both the pre-petition and post-petition arrears to be paid pursuant to this consent order. Movant shall amend its filed Proof of Claim for the post-Petition arrearages set for above, within 60 days from the entry of this Order. In the event Movant does not file or amend its claim for those post-petition arrearage within the aforementioned period, Debtor's counsel is then authorized to file the supplemental Proof of Claim on Movant's behalf in the amount provided for in this Order.

  3. It is further ordered and agreed that should the Debtor fail to timely file an amended plan allowing for the pre-petition and post-petition arrears as outlined in this order, or should any proposed amended plan fail to be confirmed, or should the Debtor default for a period of thirty days in making future monthly post-petition payments, commencing with the payment due August 1, 2018, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The date and amount of each payment missed and any late charge or other fees necessary to cure default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. Cure the default
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the

debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

      7.   Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

   Sep 17 2018                                                          /s/ Klinette Kindred
_____                              _____
Date                                                                      The Honorable Klinette H. Kindred
                                                                                United States Bankruptcy Judge

                                                                                Notice of Judgment or
                                                                                Order Entered on Docket  Sep 18 2018

I ask for this:

/s/ Malcolm B. Savage, III
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Matthew Beddingfield, Esquire
Counsel for Movant

Seen & Agreed:

/s/ John C. Morgan, with express permission
John C. Morgan, Jr., New Day Legal, PLLC, Counsel for Debtor(s)

Seen w/ reservation of right to object to modified Plan:

/s/ Thomas P. Gorman, with express permission
Thomas P. Gorman, Trustee

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the 28th day of August, 2018.

/s/ Malcolm B. Savage, III
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Matthew Beddingfield, Esquire
Counsel for Movant

Copies are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

John C. Morgan, Jr.
New Day Legal, PLLC
98 Alexandria Pike
Suite 10
Warrenton, VA 20186

Thomas P. Gorman
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Brenda R Holder
117 Tremont Street
Manassas Park, VA 20111

**CERTIFICATION**

  The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

/s/ Malcolm B. Savage, III
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Matthew Beddingfield, Esquire
Attorney for Movant

**CERTIFICATION**

  Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

/s/ Malcolm B. Savage, III
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Matthew Beddingfield, Esquire
Attorney for Movant

18-274931